# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2025

Lyle W. Cayce
Clerk

No. 24-11035
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Antrell Jamere Grimes,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-495-1

———————

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

Antrell Jamere Grimes pleaded guilty to possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). On appeal, Grimes raises constitutional challenges to his conviction. The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time in which to file a brief.

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-11035

Grimes acknowledges that each of his arguments are foreclosed, but nonetheless raises the arguments to preserve them for further review. Grimes first argues that § 922(g)(1) requires more than merely past interstate travel at an indeterminate time. Alternatively, if this interpretation is correct, then Grimes contends that § 922(g)(1) is unconstitutional because it exceeds Congress's power under the Commerce Clause. The parties correctly conclude that both of these arguments are foreclosed. *See United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

Grimes also argues that § 922(g)(1) is facially unconstitutional under the Second Amendment in light of *New York State Rifle and Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The parties are correct that this argument is foreclosed. *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *petition for cert. filed* (U.S. Feb. 18, 2025) (No. 24-6625). Any as-applied challenge to § 922(g)(1) also fails because Grimes unlawfully possessed the firearm while on probation. *See United States v. Giglio*, 126 F.4th 1039, 1044-45 (5th Cir. 2025).

Because summary affirmance is appropriate here, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.